UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YVETTE CHAMPAGNIE, | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | 3:06-cv-1819 (JCH) |
| | : | |
| ALAN H. KAUFMAN and LAURINDA | : | |
| LEE, Executrix of the Estate of EDGAR | : | |
| W. LEE. | : | |
|     Defendants | : | OCTOBER 30, 2007 |

**RULING RE: MOTION TO AMEND [Doc. No. 15], MOTION FOR CERTIFICATION OF DERIVATIVE ACTION [Doc. No. 17], MOTION FOR LEAVE TO FILE SURREPLY BRIEF [Doc. No. 23]**

Before the court is plaintiff Yvette Champagnie's Motion For Leave to Amend Complaint and for Certification of Derivative Action Under Rule 23.1. Doc. Nos. 15, 17. In addition, the court has before it defendants' Motion For Leave to File Surreply Brief. Doc. No. 23. For the reasons below, the court **DENIES** the motions.

**I.  BACKGROUND**

On November 13, 2006, Champagnie filed a Complaint against defendants Alan H. Kaufman and Laurinda Lee.[1] Pursuant to the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1101 et seq, Champagnie alleged that the defendants, the trustees of an ERISA 401(k) plan, breached their fiduciary duty to plan participants by mismanaging the assets of the plan. Champagnie sought relief under several ERISA provisions, including section 502(a)(2), 29 U.S.C. § 1132(a)(2), which allows a "participant, beneficiary, or fiduciary" to sue "for appropriate relief under section

---

[1] Laurinda Lee is sued as the Executrix of the Estate of Edgar W. Lee, based on actions allegedly taken by the latter. For convenience, the court will simply refer to both as the "Lee."

1

409." Section 409 requires a fiduciary to compensate an ERISA plan for any losses caused by that fiduciary's breach of fiduciary duty. See 29 U.S.C. § 1109(a).

Defendants moved to dismiss the Complaint under Rule 12(b)(6). Doc. No. 9. They argued that Champagnie lacked standing to bring her suit because she was not actually a "participant" in the relevant ERISA plan – the plan was terminated in 2001, and at that time Champagnie received a lump sum payment of her benefits.

While this Motion to Dismiss was pending, Champagnie filed her Motion to Amend and her Motion for Rule 23.1 Certification. The proposed amended complaint contained only three differences from the original: (1) it contained an allegation that Champagnie brought the lawsuit of her own accord, rather than as a collusive effort to confer jurisdiction; (2) it contained an allegation explaining why it would be pointless for Champagnie to ask the plan's trustees to sue themselves; and (3) it had attached to it a Verification of Complaint signed by Champagnie. These three changes were made to satisfy various requirements of Rule 23.1. See Fed. R. Civ. P. 23.1.

On June 1, 2007, the court denied the defendants' Motion to Dismiss. In its Ruling, the court rejected defendants' claim that Champagnie lacked standing to maintain this action. The court's Ruling did not adjudicate Champagnie's Motion to Amend; the court takes up that Motion now.

## II. DISCUSSION

### A. Derivative Action

Understanding Champagnie's Rule 23.1 Motion first requires a brief discussion of the Second Circuit's opinion in Coan v. Kaufman, 457 F.3d 250 (2d Cir. 2006). In Coan, a former member of this same ERISA plan sued these same defendants under

section 502(a)(2), basing that suit on the same conduct alleged to have taken place here. The Second Circuit rejected Coan's claim. The court explained that such suits must be undertaken in a "representative capacity on behalf of the plan," id. at 257 (quoting Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 n.9 (1985)) (internal quotation marking omitted), a requirement that stems from the fact that the benefits of section 409 inure to the plan, not to individual participants. See Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993) (citing Russell, 473 U.S. at 140-44). The Coan plaintiff had failed to take any action that demonstrated she was pursuing her lawsuit on behalf of the Plan, rather than for herself. Coan, 457 F.3d at 26-62. Accordingly, the court found that she could not maintain a claim under section 502(a)(2).

Champagnie is represented in this action by the same attorneys who represented the plaintiff in Coan. Not surprisingly, Champagnie has attempted to remedy the problem in Coan. Accordingly, her Rule 23.1 Motion asks this court to certify her section 502(a)(2) claim as a derivative one brought on behalf of the ERISA plan.

This may well avoid the particular problem that doomed the lawsuit in Coan. However, it does not automatically follow that Champagnie's suit is properly brought as a derivative action. Instead, the proper procedure for bring a representative action under section 502(a)(2) "is something to be worked out by parties and judges according to the circumstances on a case by case basis." Id. at 260.

Despite Champagnie's protestations to the contrary, the court concludes that a Rule 23.1 certification is not available for this case. As the Second Circuit explained in

Coan,[2] an action is only properly understood as a "derivative" action under Rule 23.1 when the action is one that the represented entity could have brought on its own behalf. See id. at 258 (citing Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 527-29 (1984)). Yet here, the Plan itself could not have brought a section 502(a)(2) claim because the Plan is not a "participant, beneficiary, or fiduciary." Id.; see also Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co., 700 F.2d 889, 893 (2d Cir. 1983) (holding that because ERISA plans are not "participants, beneficiaries, [or] fiduciaries," they lack standing to sue under ERISA provisions that limit suits to such entities). Champagnie's claim is thus not a derivative action. Because Rule 23.1 only applies to derivative actions,[3] it would be inappropriate to certify Champagnie's suit pursuant to

---

[2]The court recognizes that Coan's discussion of Rule 23.1 was technically dicta. See Coan, 457 F.3d at 258-259 (framing its discussion as an "express[ion] of doubt" rather than as a formal holding). Nonetheless, the court adopts Coan's analysis on this point.

[3]Rule 23.1 States:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, <u>the corporation or association having failed to enforce a right which may properly be asserted by it</u>, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the

that rule.

The court recognizes that this conclusion is in tension with the Second Circuit's earlier opinion in Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2d Cir. 1992), which appeared to allow derivative actions in at least some ERISA cases. See id. at 287. This tension results in part from the fact that Diduck failed to cite Pressroom and explain how its holding conforms with the Diduck analysis. The Diduck court also did not discuss the text of Rule 23.1. See id.

In Coan, the Second Circuit suggested a way to reconcile the two cases, pointing out that Diduck's holding technically applied only to claims brought under ERISA's section 502(g)(2), 29 U.S.C. § 1132(g)(2). See Coan, 457 F.3d at 258. Coan explained that, because section 502(g)(2) claims can only be brought by fiduciaries, whereas section 502(a)(2) claims may be brought by a much wider group of individuals, policy reasons could presumably justify Diduck's relaxed approach to derivative suits in section 502(g)(2) cases. See id.

In this case, Champagnie's claim is brought under section 502(a)(2), not section 502(g)(2). Accordingly, the court concludes that her claim would not be controlled by Diduck, and the court follows the analysis in Coan suggesting that Champagnie's claim cannot be brought as a derivative action under Rule 23.1.

Champagnie worries that this result will effectively preclude her from ever

---

court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

Fed. R. Civ. P. 23.1 (emphasis added).

pressing her claim.  See Reply at 1.  She asserts that she cannot join the Plan's other participants under Rule 19, since Coan bars individual suits for relief in these cases. And because the Plan only has about 20 participants, she worries that she may be unable to get her case certified as a class action under Rule 23.  See id.

In Coan, the Second Circuit indicated that joinder of other participants usually will be deemed sufficiently "representative" such that the suit will not be barred on the basis that it seeks only individual relief.  See Coan, 457 F.3d at 259-61.  The court explicitly analogized to trust law cases in which a beneficiary brings a "representative" suit on behalf of a trust by joining the other beneficiaries as defendants. [4]  See id. at 260-61.

Champagnie alternatively asserts that joinder would "likely serve no purpose" since the relief may only go to the Plan itself.  Reply at 3.  But this misunderstands the nature of the representative action that joinder would effectuate.  It is true that the relief the parties seek under ERISA would nominally go to the Plan, rather than to the individually joined plaintiffs.[5]  See 29 U.S.C. § 1109(a).  But the particular Plan at issue here is a "defined contribution plan" under ERISA, see Coan, 457 F.3d at 253 n.1, which means that the individual participants' accounts will presumably be entitled to a

---

[4] The court also identified two exceptions to the circumstances in which joinder would be the normal course in trust law: where the absent beneficiaries are otherwise properly represented, and where the number of beneficiaries is so large that a class action would be the more appropriate procedure.  See Coan, 457 F.3d at 260-61.

[5] The relief "nominally" goes to the Plan in the sense that the Plan's assets will be increased when any losses are made up to it.  As the United States has argued in a pending Supreme Court case, this increase in assets may be of sufficient benefit to the Plan such that individual plaintiffs may be deemed to be asserting the interests of the Plan itself.  See Br. for the United States as Amicus Curiae in Support of Petition for Writ of Certiorari at 7, Larue v. DeWolff, Boberg & Assocs., Inc., No. 06-856 (U.S. May 18, 2007), cert. granted 127 S. Ct. 2971 (Jun. 18, 2007).

portion of the plan's recovery.  See id. at 255-56.  It is therefore difficult to say that joinder of the type discussed in Coan would likely be an empty exercise.

Finally, Champagnie observes that another judge of this court has certified a similar case as a Rule 23.1 derivative action.  See Wasley Prods. v. Bulakites, No. 03CV383(MRK), (D. Conn. June 13, 2006).  However, the certification order in Wasley is dated one month before the Second Circuit's decision in Coan, and thus the order does not contain any discussion of the Coan opinion.  For this reason, the court declines to follow it.[6]

### B.     Leave to Amend

A court may deny a motion to leave to amend the Complaint when such amendment would be futile.  Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).  In this case, Champagnie's proffered amendments are futile because the court would refuse to certify her action under Rule 23.1 whether or not the amendments are made.  Accordingly, the court denies Champagnie's Motion.

## III.   CONCLUSION

For the reasons above, the court **DENIES** the Motion to Amend [Doc. No. 15], **DENIES** the Motion for Certification [Doc. No. 17], and **DENIES AS MOOT** the

---

[6]In Champagnie's Reply, she asks the court to allow her to certify her suit as a class action under Rule 23(b) if the court declines to certify the suit as a derivative action.  Reply at 4.  In a footnote, she suggests that the court "substitute for her current motion . . . a request for leave to amend her complaint to ask for certification of a class under" Rule 23(b)."  Id. at 4 n.7.
   Because Champagnie has not yet actually made a motion to certify her suit as a class action, and because the defendants have not yet had the opportunity to address such a motion, the court declines to rule on Champagnie's rather informal request for class certification.
   The court further notes that the defendants have filed a Motion For Leave to File a Surreply Brief, see Doc. No. 23, in which they seek the opportunity to address Champagnie's arguments in favor of class certification.  The court **DENIES** that motion as moot.

7

defendants' Motion for Leave to File a Surreply Brief [Doc. No. 23].

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 30th of October, 2007.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge